# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-40234

ROBERT LEE POWE,

Plaintiff-Appellant,

VERSUS

GILBERT L. ENNIS, Sergeant, Beto I; ROBERT AKERS, Corrections
Officer II, Beto I; M. ALLEN, Corrections Officer III, Beto I;
DAVID M. RAYMOND, Corrections Officer III, Beto I,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
- - - - - - - - - -
June 16, 1999

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

Robert Powe appeals the dismissal of his 42 U.S.C. § 1983 complaint.[1] He contends that the district court erred in dismissing, without prejudice, his failure-to-protect claim and conspiracy claim for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. Joining the other circuits that have explicitly addressed this issue, we proceed by reviewing the dismissal *de novo*. *See Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998); *Jenkins v. Morton*, 148 F.3d 257, 259 (3d Cir. 1998); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Garrett v. Hawk*, 127 F.3d 1263, 1264 (10th Cir. 1997).

Section 1997e, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West Supp. 1998). The Texas Department of Criminal Justice currently provides for a two-step procedure for

---

[1] Powe does not challenge the dismissal, with prejudice, of his disciplinary claim, so that portion of the judgment is affirmed. His claim that the magistrate judge is biased is without merit. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

presenting administrative grievances. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (citing Texas Department of Criminal Justice, Administrative Directive No. AD-03.-82 (rev.1) (Jan. 31, 1997)).

We have reviewed the record, which contains Powe's step 1 and step 2 grievances, in which he alleged that the defendant officers had failed to protect him after he told them that another inmate had threatened him and that they had tried to cover up their failure to protect him by issuing a bogus disciplinary case. Because Powe presented these claims through the prison grievance system, the district court erred in dismissing the complaint in part for failure to exhaust.

The district court held that Powe had failed to exhaust his administrative remedies as to these because the prison's response to his step 2 grievance had failed specifically to address some of his arguments. Powe filed his step 2 grievance on May 12, 1997. The prison system had forty days to provide its response to it.[2] Powe did not file this suit until September 30, 1997, well after the due date for the state's complete response to the step 2 grievance.

A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired.[3] Accordingly, we vacate that portion of the judgment and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

---

[2] *See Wendell*, 162 F.3d at 891 (setting forth the Texas Department of Criminal Justice grievance procedure).

[3] *See Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998), *cert. denied*, 1999 U.S. LEXIS 3500 (May 24, 1999) (No. 98-7852).