IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10529
Conference Calendar

_____

THEODORE FLANAGAN,

Plaintiff-Appellant,

versus

K. WALKER, Correctional
Officer IV; G. J. CAWTHORN,
Captain,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-24
- - - - - - - - - -
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Theodore Flanagan, Texas prisoner # 734335, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies. Flanagan argues that the district court erred in dismissing his complaint because he exhausted his administrative remedies prior to the district court's dismissal, because he had properly amended his complaint to include the relief section, and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternatively without allowing him to amend his complaint to dismiss the injunctive relief section.

This court reviews a district court's dismissal of a prisoner's complaint for failure to exhaust de novo.  See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Regardless whether Flanagan properly amended his relief request or should have been allowed to drop his request for injunctive relief, the district court did not err in dismissing the complaint because Flanagan admittedly completed the grievance procedures after he filed the complaint.  Booth v. Churner, 121 S. Ct. 1819, 1825 (2001); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).  Accordingly, the judgment of the district court is AFFIRMED.