**Skinner v. Cunningham, et al.**        CV-00-239-B    02/28/02
                **UNITED STATES DISTRICT COURT**
            **FOR THE DISTRICT OF NEW HAMPSHIRE**


James Skinner

   v.                                 Civil No. 00-CV-239-B
                                       Opinion No. 2002 DNH 054
Michael Cunningham et al.


<u>**MEMORANDUM AND ORDER**</u>

In this civil action, plaintiff James Skinner sues a number
of persons employed at the New Hampshire State Prison ("NHSP")
for alleged violations of rights secured him by the Eighth and
Fourteenth Amendments to the United States Constitution. <u>See</u> 42
U.S.C. § 1983.  In his four-count complaint, Skinner, a former
NHSP inmate who presently is incarcerated at MCI-Cedar Junction
in South Walpole, Massachusetts, seeks both damages and
injunctive relief shielding him from contact with the named
defendants in the event that he is transported to New Hampshire
for purposes of attending court appearances in this matter.

Defendants have moved to dismiss or, in the alternative, for
summary judgment on each of Skinner's claims.  Defendants make a
threshold argument that all of the claims should be rejected
pursuant to a provision of the Prison Litigation Reform Act of

1995 ("PLRA"), 42 U.S.C. § 1997e(a), that requires administrative exhaustion of any prisoner "action . . . brought with respect to prison conditions under section 1983."  Defendants contend that Skinner failed to exhaust available administrative remedies by pressing his claims in NHSP's "Administrative Grievance Scheme." See LaFauci v. New Hampshire Dep't of Corrections, No. 99-253-M, 2001 WL 1570932, at ** 2-3 (D.N.H. Oct. 31, 2001) (unpublished order) (detailing the three-level "administrative scheme through which inmates may seek to have various complaints addressed and resolved").  Alternatively, defendants argue that no reasonable trier of fact could find that Skinner's constitutional rights were violated.  Defendants' merits arguments are problematic, but their exhaustion argument is convincing.  I therefore grant defendants' motion insofar as it is premised on this argument.

## I.

On July 24, 1998, Skinner killed fellow inmate Eric Balagot during a fight in a NHSP exercise yard.  Skinner was indicted for murder and, in May 1999, was tried before a jury in Merrimack County Superior Court.  Skinner claimed self defense, took the stand, and testified that the fight was started by

Balagot – a known white supremacist.[1]  The jury deadlocked and the judge declared a mistrial.  In January 2000, Skinner was tried for murder a second time.  Skinner again claimed self defense and again testified that Balagot started the fight by attacking him.  This time, the jury unanimously acquitted Skinner of the murder charge and all lesser charges.

Following his acquittal, Skinner brought this action.  In Count I, Skinner alleges that the defendants named therein violated the Eighth Amendment by exhibiting deliberate indifference to his physical safety.  In support of this claim, Skinner points to the decision to transfer Balagot to the Special Housing Unit ("SHU"), where Skinner and two other known white supremacists were housed, despite (1) a prior warning from a member of the NHSP's prison investigations unit to the defendants who approved the transfer that uniting Balagot with the white supremacists already housed in SHU could result in Balagot assaulting inmates of color at the others' behest, and (2) knowledge on the part of all named defendants that SHU residents would be together in the exercise yard without either supervision

_____

[1]Skinner is African American.

or monitoring.  In Count II, Skinner alleges that the defendant named therein violated the Fourteenth Amendment's Due Process Clause by indefinitely postponing Skinner's disciplinary hearing and keeping him in punitive segregation following the death of Balagot.  In Count III, Skinner alleges that the defendants named therein violated the Eighth Amendment by assaulting, terrorizing, and harassing him over a ten-month period.  In Count IV, Skinner seeks the injunctive relief described in the first paragraph of this memorandum and order.

## II.

As previously noted, defendants have moved for dismissal or, in the alternative, summary judgment because, inter alia, Skinner did not exhaust his administrative remedies with respect to the claims asserted in Counts I-III.  Skinner makes two replies. First, Skinner contends that he did, in effect, exhaust administrative remedies with respect to his claims by filing a number of inmate request slips and sending letters (several of which did not prompt a response) to various NHSP officials which "adequately place[d] defendants on notice of plaintiff's complaints, and the facts supporting those complaints." Plaintiff's Objection to Defendants' Motion to Dismiss or, in the

Alternative, for Summary Judgment ("Plaintiff's Objection"), ¶ 5, at 5. Because Skinner did not receive a response to a several of these missives, the argument proceeds, he was excused from pursuing his complaints through the second and third stages of NHSP's administrative scheme. Second, Skinner asserts that his claims fall outside the exhaustion requirement of 42 U.S.C. § 1997e(a) because (1) they seek money damages from individual officials and NHSP's administrative process purportedly does not provide for an award of such damages,[2] and (2) they are not claims "with respect to prison conditions" within the meaning of the statute. See Nussle v. Willette, 224 F.3d 95, 99-106 (2d Cir. 2000) (holding that a prisoner claim arising out of a single or momentary assault or application of excessive force is not an "action . . . with respect to prison conditions" subject to exhaustion under § 1997e(a)).

Skinner's first argument – that he has in effect exhausted his claims – is not persuasive. In support of his objection to defendants' motion, Skinner has submitted copies of memoranda

_____

[2]In fact, NHSP Warden Jane Coplan has submitted an uncontradicted affidavit stating that the Department of Corrections can settle claims involving monetary damages for less than $500.

from the Office of the Commissioner of the Department of Corrections notifying inmates, prior to the events giving rise to this case, that they must strictly comply with the procedural requirements of the grievance scheme and that they should proceed to the next step in the administrative process if they fail to receive a response to an initial complaint in the allotted time frame. See August 26, 1997 and January 16, 1998 Intra-Department Memoranda, Exhibit 12(b) to Plaintiff's Objection. Skinner clearly did not comply with these directives, as the record contains no evidence that he ever filed, or attempted to file, with the Warden or Commissioner a formal grievance over the events underlying his claims. See LaFauci, No. 99-253-M, 2001 WL 1570932, at *3 (noting that the second and third steps of NHSP's administrative grievance scheme requires the filing of "grievance forms" with the Warden and, if the prisoner is dissatisfied with the Warden's response, with the Commissioner).[3] Nor does the record reflect any attempt by NHSP officials to dissuade Skinner from pursuing administrative remedies. Skinner's situation is

_____

[3]Indeed, the record does not reflect that Skinner ever attempted to contact the Commissioner directly. Skinner merely sent the Commissioner copies of two letters that were addressed to and sought relief from other NHSP officials.

thus materially different from that of the prisoner in the case he cites in support of his de facto exhaustion argument. See Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (prisoner effectively exhausted his administrative remedies, despite the putative availability of unexhausted administrative appeal rights, when his grievance form was rejected by memorandum informing him "[w]hen any grievance is terminated at the institutional level you do not have the right to appeal. The above listed grievance[s] is closed."); see also Powe v. Ennis, 177 F.3d 393, 395 (5th Cir. 1999) (deeming prisoner to have exhausted a claim to which prison officials failed to respond because he pressed it at both steps of a two-step administrative grievance process and waited to file his lawsuit until after the time afforded for a response had lapsed).

Skinner's second argument – that he is not required to exhaust because he is seeking relief not provided in NHSP's grievance scheme and/or because this is not an "action . . . with respect to prison conditions" – also lacks merit. Last year, the Supreme Court unanimously held that prisoners are obliged to exhaust even those claims that seek forms of relief not available in the administrative process. See Booth v. Churner, 121 S. Ct.

1819, 1822-25 (2001) (holding that, so long as the prison's grievance process is capable of providing some form of relief,[4] 42 U.S.C. § 1997e(a) requires administrative exhaustion even where the prisoner seeks relief that is not available in the administrative scheme). And just days ago, the Supreme Court unanimously rejected the narrow construction the Second Circuit afforded the phrase "action . . . with respect to prison conditions" in Nussle. See Porter v. Nussle, No. 00-853, 2002 WL 261683, at *10 (U.S. Feb. 26, 2002) (reversing Nussle and holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

_____

[4]Skinner does not deny that he could have secured some form of relief on his claims had he pressed them in the NHSP administrative process. See Booth, 121 S. Ct. at 1824 (indicating that exhaustion would not be required if no form of relief were available). Nor does he asset that his March 27, 2000 transfer back to MCI-Cedar Junction interfered with his opportunity to exhaust his claims in the NHSP administrative process. Cf. Nitz v. French, No. 01-C-0229, 2001 WL 747445, at *3 (N.D. Ill. July 2, 2001) (memorandum opinion and order) (observing that an inmate transferred prior to being afforded an opportunity to appeal his grievance had exhausted available administrative remedies because "he had received all the 'relief' that administrative procedures could give").

III.

Because Skinner was required to exhaust his claims but has not done so, I grant defendants' motion to dismiss or, in the alternative, for summary judgment [document no. 11]. The Clerk is directed to enter judgment accordingly and to close the case.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

February 28, 2002

cc:  Michael J. Sheehan, Esq.
     Andrew B. Livernois, Esq.