IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 01-31423
Summary Calendar

—————————

LEAVORDA L. SMALLEY,

Plaintiff-Appellant,

versus

KEVIN BENJAMIN, Lieutenant ;
HENRY ROBINSON; JOE DOE;
BURL CAIN; JAMIE FIELDER,

Defendants-Appellees.

—————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-858-D

—————————

June 3, 2002

Before POLITZ[*], WIENER, and PARKER, Circuit Judges.

PER CURIAM:[**]

—————————

[*] Judge Politz concurred in the above opinion before his death on May 25, 2002.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leavorda L. Smalley, Louisiana prisoner # 106878, appeals the dismissal of his 42 U.S.C. § 1983 lawsuit for failure to exhaust administrative remedies under 28 U.S.C. § 1997e(a). He has also filed a motion to: (1) supplement his appeal to assert for the first time that he should not be required to exhaust because the Louisiana Supreme Court has determined the state prisons' administrative remedies procedure to be unconstitutional; and (2) compel the prison officials to respond to his grievance. We review the district court's dismissal under § 1997e(a) *de novo*.[1] Concluding that Smalley has failed to exhaust his administrative remedies as he was required to do under § 1997e(a), we affirm.

Smalley's § 1983 grievance remains pending before the prison's administrative body, however, he asserts that he should not be required to exhaust his administrative remedies because he has never received a response to his grievance. He further maintains that exhaustion would be futile and that his § 1983 complaint would be barred by the applicable one-year statute of limitations if he were to continue to wait for an administrative ruling. The fact that Smalley has not received a prompt response to his grievance does not excuse him from the § 1997e exhaustion requirement.[2]

---

[1] Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

[2] Booth v. Churner, 532 U.S. 731, 739-41 & n.6 (2001); see also Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

2

Furthermore, his concern regarding the limitations bar on his § 1983 action is meritless because the limitations period will be tolled during the pendency of his grievance.[3] Likewise, his assertion that, in lieu of dismissal, the district court should have granted him a stay of proceedings to enable him to exhaust his administrative remedies is meritless. Under § 1997e, a district court may no longer stay proceedings to allow a prisoner to exhaust.[4]

We will not consider an argument raised for the first time on appeal, therefore, Smalley's motion to supplement his appeal to add a new basis for relief is denied.[5]

The judgment of the district court is AFFIRMED. Smalley's motions to supplement his appellate brief and to compel are DENIED.

---

[3] Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999).

[4] Porter v. Nussle, 122 S.Ct. 983, 987-88 (2002); see also Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998).

[5] Shanks v. Allied Signal, 169 F.3d 988, 993 n.6 (5th Cir. 1999).