IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-41108
Conference Calendar

ANDREW GLEN JACKSON,

Plaintiff-Appellant,

versus

JONATHON DOBRE, In his Individual
Capacity; JOHN KNOX, In his Individual
Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-73
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

    Andrew Glen Jackson, federal prisoner # 28217-077, appeals
the district court's dismissal of his <u>Bivens</u>** lawsuit for
failure to exhaust administrative remedies, pursuant to 42 U.S.C.
§ 1997e(a).  The district court's dismissal is reviewed <u>de</u> <u>novo</u>.
<u>Powe v. Ennis</u>, 177 F.3d 393, 394 (5th Cir. 1999).

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    ** <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics</u>, 403 U.S. 388 (1971).

Jackson's argument that, rather than dismiss his suit, the district court should have given him a continuance to exhaust his remedies is unavailing. See Porter v. Nussle, 122 S. Ct. 983, 997-98 (2002); Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998). His argument that exhaustion would have been futile is similarly unavailing because futility is no longer an exception to the exhaustion requirement. See Booth v. Churner, 532 U.S. 731, 739-41 & n.6 (2001). To the extent that Jackson argues, for the first time on appeal, that his case should be reinstated because he has now exhausted his administrative remedies, the court will not address the newly raised argument. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997). Even if the court were to address the argument, it lacks merit; dismissal was appropriate because Jackson had not exhausted his remedies at the time he filed the instant lawsuit. See § 1997e(a); see also Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

Jackson's appeal is without arguable merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. This court's dismissal of the instant appeal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Jackson is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.