IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40750
Summary Calendar
_____


ROBERT LEE POWE,

Plaintiff-Appellant,

versus

GILBERT L. ENNIS, Sergeant, Beto I; ET AL.,

Defendants.

GILBERT L. ENNIS, Sergeant, Beto I; M. ALLEN, Correctional
Officer III, Beto I; DAVID M. RAYMOND, Correctional Officer III,
Beto I,

Defendants-Appellees,

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-905
--------------------
October 22, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Lee Powe, Texas prisoner # 616956, appeals the

district court's <u>sua</u> <u>sponte</u> dismissal without prejudice of his 42

U.S.C. § 1983 suit for failure to exhaust.  This court previously

determined that Powe had exhausted administrative remedies when

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he filed a step one and step two grievance and "the state's time for responding thereto ha[d] expired," and remanded the case for further proceedings. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). The district court determined that the decision in Powe was erroneous in light of the Supreme Court's decision in Booth v. Churner, 532 U.S. 731, 739 (2001).

We read Booth as requiring a prisoner to exhaust prison administrative remedies even when the grievance procedures do not allow the relief sought by the prisoner. See Booth, 532 U.S. at 736-41. In Powe, this court determined when a claim may be considered exhausted. Powe, 177 F.3d at 394. Booth did not overrule this court's decision in Powe. The district court's judgment is VACATED and this case is REMANDED for further proceedings.