**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-20601

(Summary Calendar)

_____

DONALD C. JACKSON,

Plaintiff-Appellant,

versus

JOHNNY KLEVENHAGEN; ALLAN POLUNSKY; JAMES A. COLLINS; WAYNE SCOTT; SHERRY MCDUGLE BROWN; TROY CAHILL; GAIL JOHNSON,

Defendants-Appellees..

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-99-CV-558

_____

November 20, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Donald C. Jackson, TDCJ-ID #220004, appeals the district court's dismissal of his 42 U.S.C.

_____

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1983 complaint. Jackson alleged that the defendants violated his right of access to the courts by interfering with his attempts to seek a writ of certiorari from the Supreme Court. The district court dismissed without prejudice Jackson's claims against various prison officials for failure to exhaust administrative remedies. The court dismissed his claims against two deputy clerks of the Supreme Court as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Because Jackson filed his complaint after the enactment of the Prison Litigation Reform Act (PLRA), the Act applies in his case. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998). The PLRA requires prisoners to exhaust all available administrative remedies before filing a § 1983 lawsuit against prison officials. 42 U.S.C. § 1997e(a). We review *de novo* a district court's dismissal under § 1997e. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

Jackson concedes that he did not follow prison grievance procedures, but argues that he "substantially complied" with the exhaustion requirement. He claims that, by complaining directly to prison officials both orally and in writing, he put them on notice of his intent to file suit. This Court has found that there is no such "substantial compliance" exception to the requirements of § 1997e. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Thus, the district court did not err in dismissing Jackson's claims against the prison officials.

We review for abuse of discretion the district court's dismissal of Jackson's remaining claims as frivolous. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or fact. *Id.*; *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

Jackson contends that two deputy clerks of the Supreme Court intentionally interfered with his attempts to file a petition for a writ of certiorari. As the district court found, the deputy clerks did not prevent Jackson from filing a petition with the Court. Instead, Jackson himself was

responsible for his failure to file a proper petition in a timely fashion. Jackson inexplicably ignored the letter from one deputy clerk, which explained the procedures for filing a proper petition and urged Jackson to file his petition as soon as possible. The district court did not abuse its discretion in finding that Jackson's claims against the deputy clerks are frivolous.

AFFIRMED.