**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 4, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41565
Summary Calendar

_____

I. STEPHAN BLOCH,

                                        Plaintiff-Appellant,

versus

MICHAEL D. HOOD, Individually and
in his official capacity as Regional
Counsel for South Central Region of the
Bureau of Prisons; TINA C. HAUCK, Individually
and in her official capacity as Paralegal
at Beaumont FCI-Low, Beaumont, Texas,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-573
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

        I. Stephan Bloch, federal prisoner # 66982-079,

challenges the dismissal of his Bivens[1] action without prejudice

for failure to exhaust administrative remedies, pursuant to 42

U.S.C. § 1997e.  The suit alleged that, in July and August 2002,

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1]  Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

the appellees retaliated against Bloch for having grieved and filed a state-court action challenging the Bureau of Prison's authority to withhold restitution payments.

This court reviews a dismissal under 42 U.S.C. § 1997e(a) de novo.  Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). Bloch contends that he demonstrated exhaustion in his complaint.  He is incorrect.  The grievances to which he refers are the grievances he filed in March, April, and May 2000.  Bloch has not alleged that he grieved the July and August 2002 actions by the appellees, which are the subject of the instant lawsuit.  Dismissal of the suit for failure to exhaust administrative remedies was thus proper.  See 42 U.S.C. § 1997e.

Bloch also contends that sua sponte dismissal of his suit was error because exhaustion is an affirmative defense which could have been waived.  Again, he is incorrect.  Under the amended version of 42 U.S.C. § 1997e, exhaustion may not be waived, and a district court must dismiss any claim which was not exhausted prior to filing suit.  See id.

The instant appeal is without arguable merit, is frivolous, and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  This court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Bloch is CAUTIONED that if he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while

he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

**APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED**.