United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41570
Conference Calendar

_____

ROBERT DONALD BONNER,

Plaintiff-Appellant,

versus

MARTIN WILLIAMS, Sergeant;
BRIAN HALEY, Correctional Officer III,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-131
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Donald Bonner, Texas inmate #782313, proceeding pro
se and in forma pauperis, appeals the dismissal of his 42 U.S.C.
§ 1983 complaint for failure to exhaust administrative remedies.
Bonner asserts that in response to his Step One grievance, Texas
Department of Criminal Justice ("TDCJ") officials stated that the
case had been dismissed and the grievance resolved.  He contends
that exhaustion was unnecessary and would have been futile

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because the TDCJ was powerless to grant the relief that he sought.

We review the district court's dismissal of a prisoner's 42 U.S.C. § 1983 complaint for failure to exhaust de novo. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner must exhaust available administrative remedies prior to bringing a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The pertinent inquiry is not whether the prisoner has pursued his administrative remedies reasonably and in good faith, but whether he has exhausted all remedies that are available. Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998). The Supreme Court has rejected a futility exception to the 42 U.S.C. § 1997e(a) exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

We have rejected Bonner's argument that he need not exhaust because the prison administrative grievance procedure was unable to grant the remedy sought. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Accordingly, the district court's judgment is AFFIRMED.