**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30210
Conference Calendar

_____

RODNEY B. JONES,

Plaintiff-Appellant,

versus

PAM HEARN, in her individual and official capacity;
JANE DOE, I and II, in their official and individual
capacities; M. MONTGOMERY; K. WHITE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-2093
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rodney B. Jones ("Jones"), Louisiana state prisoner #305669,

proceeding *pro se* and *in forma pauperis* ("IFP"), appeals the

dismissal of his 42 U.S.C. § 1983 complaint for failure to

exhaust administrative remedies.  Jones contends that because

his grievance was erroneously rejected because he failed to

submit the specific names of the individuals who provided his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

medical treatment, he was precluded from further exhaustion of the available administrative remedies.

We review the district court's dismissal of a prisoner's 42 U.S.C. § 1983 complaint for failure to exhaust *de novo*. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner must exhaust available administrative remedies prior to bringing a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The pertinent inquiry is not whether the prisoner has pursued his administrative remedies reasonably and in good faith, but whether he has exhausted all remedies that are available. Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998). Jones' grievance was rejected and returned to him with a request for clarity regarding his claims as permitted by Louisiana's administrative remedies procedures. See 28 La. Reg. 857 (Apr. 20, 2002) (codified at LA. ADMIN. CODE tit. 22, pt. I, § 325(G)(1)(a)). Jones neither complied with the request nor appealed the action to the next step. See id., § 325(G)(2)(a) & (G)(2)(b). Jones has thus failed to exhaust the available administrative remedies.

Jones' contention that *sua sponte* dismissal of his complaint was inappropriate because the district court did not require the defendants to respond to his allegations lacks merit. See 42 U.S.C. § 1997e.

Jones' appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir.

1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2. This court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Jones is cautioned that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.