United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40100
Summary Calendar
_____

BRUCE LEE WILLIS,

Plaintiff-Appellant,

versus

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE; WARDEN,
Telford Unit; DON KASPAR, Regional Program Administrator;
B. PIERCE, Regional Program Administrator; UNKNOWN WEST,
Chaplain; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-211
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Bruce Lee Willis, Texas prisoner # 717354, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaints based on his failure to exhaust his prison administrative remedies. The district court read Willis's complaints as stating that he had not exhausted and the court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed because Willis did not provide documentation verifying that he had exhausted.

However, while Willis checked on the complaint forms that he did not exhaust both steps of the prison grievance procedure, he asserted further that the prison refused to answer or return his Step 2 grievances. If Willis filed Step 2 grievances as his liberally-construed complaints allege, then he complied with Texas' two-step grievance procedure, and the grievances are deemed exhausted when the time for the prison to respond to them expired. See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

The district court did not address whether Willis had actually exhausted his administrative remedies, but dismissed the complaints because Willis failed to provide proof of exhaustion. The dismissal on that basis was erroneous because Willis was entitled to rely upon his pleadings in asserting exhaustion. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

The judgment of the district court dismissing the complaint for failure to exhaust administrative remedies is VACATED and the case is REMANDED to the district court for further consideration of the exhaustion issue.

Willis' motion to amend or supplement the record on appeal is DENIED.

VACATED AND REMANDED; MOTION DENIED.