United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-10813
Conference Calendar

———————————————

FRANCISCO GOMEZ,

Plaintiff-Appellant,

versus

MICHAEL D. HILL; UNKNOWN MEDICAL STAFF,
Number One-Allred Unit; UNKNOWN MEDICAL
STAFF, Number Two-Allred Unit; UNKNOWN
MEDICAL STAFF, Number Three-Allred Unit;
UNKNOWN MEDICAL STAFF, Number One-Clements
Unit; UNKNOWN MEDICAL STAFF, Number
Two-Clements Unit; UNKNOWN MEDICAL STAFF,
Number Three-Clements Unit,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-81-R
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Gomez, Texas prisoner #742398, appeals from the

dismissal of his civil-rights lawsuit, filed pursuant to 42

U.S.C. § 1983, for failure to exhaust administrative remedies.

On appeal, Gomez asserts that he was not required to exhaust

administrative remedies because: (1) he was seeking monetary

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

damages, which were not available from the administrative process; (2) he should be excused from fulfilling the exhaustion requirement due to the fact that his administrative grievance was erroneously denied as untimely; and (3) he fulfilled the exhaustion requirement by submitting informal complaints to various prison officials.  We review the district court's dismissal under 42 U.S.C. § 1997e(a) de novo.  See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

Gomez's first two arguments lack merit under applicable precedent.  See Booth v. Churner, 532 U.S. 731, 740-41 (2001) (exhaustion is required even where money damages are sought); id. at 741 n.6 ("we will not read futility or other exceptions into statutory exhaustion requirements").  His third argument relies solely upon Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999), which is not applicable to the instant case because, unlike in Wyatt, the instant alleged constitutional violation did not occur prior to passage of the Prison Litigation Reform Act of 1995.

Gomez also contends that the district court erred by dismissing his instant lawsuit without conducting a Spears[1] hearing.  Because additional factual development would not have aided Gomez in fulfilling the exhaustion requirement, the district court did not abuse its discretion by dismissing his lawsuit without conducting a Spears hearing.

Accordingly, the district court's judgment is AFFIRMED.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).