United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

No. 04-41331
Summary Calendar

WILLIS FLOYD WILEY,

Plaintiff-Appellant,

versus

JACK MANGRUM; DOROTHY BURNS; WARNER LUMPKINS; T.M. ATKINS; D.
HARDY; NURSE CHERIAN; VONDA RAFTER; FRANCISCO RODRIGUEZ; JAMES
WHEELER; TIMOTHY NEW; JOHN AGBONKONKON; CARLA PARKS; OFFICER
SIVERAND; DOCTOR OWUSU,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(3:03-CV-872)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Willis Floyd Wiley, Texas prisoner # 753383, appeals, *pro se*,
the dismissal with prejudice of his 42 U.S.C. § 1983 complaint for
failure to exhaust administrative remedies, pursuant to 42 U.S.C.
§ 1997e. The district court found Wiley had not established
exhaustion because the Steps 1 and 2 grievances he provided in
support of his grievance had been returned to him for failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comply with prison procedures. Wiley contends for the first time on appeal that he exhausted because he resubmitted his Step 1 grievance.

Generally, evidentiary contentions of this type not presented in district court will not be considered for the first time on appeal. *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 358 n.19 (5th Cir. 2000). In any event, Wiley has not established the district court erred in dismissing his complaint for failure to exhaust; he has not shown he exhausted his administrative remedies by filing a Step 1 *and* Step 2 grievance. *See* **Johnson v. Johnson**, 385 F.3d 503, 515 (5th Cir. 2004); **Powe v. Ennis**, 177 F.3d 393, 394 (5th Cir. 1999).

Accordingly, the judgment is **AFFIRMED**, but it is **MODIFIED** to reflect the dismissal of these claims **WITH PREJUDICE** for purposes of proceeding in an *in forma pauperis* proceeding pursuant to 28 U.S.C. § 1915(d). Therefore, if Wiley exhausts his administrative remedies, he can present his § 1983 claims again, but he may not proceed *in forma pauperis* to do so. *See* **Underwood v. Wilson**, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133 (1999).

**AFFIRMED AS MODIFIED**