United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10548
Summary Calendar

ROBERT LEE EARL,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE; D. COLE; NFN DENDY;
NFN McDONALD; NFN LACY, Doctor,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CV-290
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

     Robert Lee Earl, Texas prisoner #599178, appeals from the

dismissal of his 42 U.S.C. § 1983 action in part as frivolous, in

part for failure to state a claim, and in part for failure to

exhaust administrative remedies.  Earl contends that his

excessive-force claim against defendant Dendy was nonfrivolous

because he lost a fingernail and experienced bleeding and

swelling of his other fingers; that all he was required to show

regarding defendant McDonald was that McDonald was deliberately

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indifferent to his serious medical needs by refusing to take him to the infirmary after Dendy injured him; that the district court erred by finding that he failed to pursue grievances regarding Dr. Lacy's failure to treat his hand; that he was not required to file grievances regarding his claim that Dretke and Cole failed to train Dendy and McDonald because the use-of-force policy speaks for itself; and that the district court erred by dismissing his complaint without allowing him to amend it to cure any defects.

Earl's allegations do not suggest that the injuries he suffered were anything more than de minimis.  See Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998).  The dismissal of his claim against Dendy as frivolous therefore was not an abuse of discretion.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Because any harm to Earl was de minimis, the district court did not err by determining that Earl could not state a claim that McDonald was deliberately indifferent in failing to take him to the infirmary to be treated for that de minimis harm.  See, e.g., Flores v. City of Palacios, 381 F.3d 391, 398 n.6 (5th Cir. 2004).

Regarding the district court's dismissal of his claim against Dr. Lacy, Earl alleges that he informed the district court that his grievance was not returned and that he would have to seek a copy of it in discovery.

The processed step-one and step-two grievances regarding Dr. Lacy that Earl submitted to the district court had nothing to do with his hands and fingers. He stated that he wrote a sick-call request that was denied, that the infirmary would not return those requests, and that he would need to obtain information from Dr. Lacy during discovery. Earl did not allege that he could not obtain copies of his grievances regarding his efforts to obtain medical treatment. Earl's contention that the district court erred by dismissing his claim against Dr. Lacy for failure to exhaust therefore is unconvincing. See Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

Earl raises his contention that he need not exhaust remedies against defendants Dretke and Cole for the first time on appeal, and this court need not consider it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Moreover, Earl makes no allegations indicating that he failed to plead his best case in the district court; the district court therefore did not err by dismissing his complaint without giving him an opportunity to amend it. See Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986).

Earl's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Earl's action and this court's dismissal of his appeal each count as a strike against Earl for purposes of 28 U.S.C. § 1915(g).

Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We previously dismissed one of Earl's appeals as frivolous.  Earl v. Officer Johnson, No. 94-10724 (5th Cir. Mar. 23, 1995) (unpublished).  Earl thus has three strikes, and we warn him that he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

Earl's motion for appointment of counsel is DENIED.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTION IMPOSED; MOTION DENIED.