United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-30200
Summary Calendar

DARRIN ROBINSON,

Plaintiff-Appellant,

versus

DIXON CORRECTIONAL INSTITUTE; JAMES M. LEBLANC; RICHARD L.
STALDER,

Defendants-Appellees.

**Appeal from the United States District Court
for the Middle District of Louisiana
(3:04-CV-471)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Darrin Robinson, Louisiana prisoner number 158443, appeals, *pro se*, the district court's dismissal, for failure to exhaust administrative remedies, of his action under 42 U.S.C. § 1983 for being placed in extended lockdown and made to shower and exercise while wearing restraints. Robinson contends: the district court erred in *sua sponte* dismissing his action; and its exhaustion determination was erroneous because it was based on a faulty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative record and because he exhausted his remedies when he filed grievances that were ignored.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A dismissal for want of exhaustion under § 1997e is based on the pleadings alone, and no evidence concerning exhaustion need be adduced.  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133 (1999).  Section 1997e's exhaustion requirement should be enforced unless a valid defense exists.  *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998).  A dismissal under § 1997e is reviewed *de novo*.  *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

Robinson's contentions lack merit.  The district court did not err in *sua sponte* raising the exhaustion issue.  *See* 42 U.S.C. § 1997e; *see also* *Wendell*, 162 F.3d at 889.  Robinson's administrative-record contention lacks merit because the district court proceeded on the belief that Robinson had filed the documents claimed to have been filed.  Finally, Robinson has not established that the district court's determination that his action should be dismissed for want of exhaustion was flawed.  As the district court determined, Robinson's allegations that he properly exhausted his administrative remedies fail because his own pleadings demonstrate

he failed to exhaust all available remedies.  *See* ***Underwood***, 151 F.3d at 294.

***AFFIRMED***