United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51158
Summary Calendar
_____

FREDDIE EDWARDS, ET AL.,

Plaintiffs,

FREDDIE EDWARDS,

Plaintiff-Appellant,

versus

DENISE DeSHIELDS, Medical Director; WILLIAM CLARYCE,
Health Administrator; SHERI TALLEY, Doctor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:05-CV-51
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Freddie Robin Edwards, Texas inmate # 658647, seeks to proceed in forma pauperis (IFP) on appeal from the district court's sua sponte dismissal of his civil rights complaint, without prejudice, for failure exhaust administrative remedies, under 42 U.S.C. § 1997e(a). Edwards contends that the two Step 1 grievances and one Step 2 grievance appeal he filed were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficient to exhaust his claims that the defendants were deliberately indifferent to his serious medical needs.  Edwards alleged in his complaint that prison officials had refused to replace his work boots, which were too small and were causing pain and swelling, and that they instead gave him Ibuprofen, which caused several serious side effects.

By moving for leave to proceed IFP, Edwards is challenging the district court's certification that his appeal was not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).  We review de novo a dismissal for failure to exhaust under § 1997e(a).  Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003). Texas prisoners must exhaust a "two-step formal grievance process."  See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).  The district court concluded that Edwards had not exhausted his claims because his initial Step 1 grievance raised only a claim about the work boots whereas his Step 2 appeal instead raised the matter of the side effects of the Ibuprofen. A review of the Step 2 appeal, however, reflects that Edwards raised the work-boots issue as well, thus exhausting that claim.

Edwards also filed a second Step 1 "emergency" grievance, explicitly alleging the Ibuprofen side effects, although not directly linking these adverse reactions to the medication.  The district court determined that this "grievance was never even properly filed."  Ordinarily, "'dismissal under § 1997e is made

on the pleadings without proof.'"  Days, 322 F.3d at 866 (citation omitted).  Edwards asserted in his complaint that he did properly file the second Step 1 "emergency" grievance, explaining that the grievance was not forwarded after he was transferred to another prison and that prison officials simply failed to respond to it.  Because "[a] prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding has expired," Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999), Edwards's allegations regarding exhaustion were sufficient to avert sua sponte dismissal with respect to his side-effects claim as well.

For the reasons cited above, IT IS ORDERED that Edwards's motion to proceed IFP is GRANTED.  The district court's certification decision is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.  We note that this opinion "does not preclude a revisiting of [the exhaustion] issue based upon a response by the defendants."  See Days, 322 F.3d at 868.

Edwards's motion for appointment of counsel is DENIED.