United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41490
Summary Calendar

NATHANIEL KEITH SINGLETON,

Plaintiff-Appellant,

versus

LIEUTENANT SWEET,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:02-CV-255
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Nathaniel Singleton, a former Texas prison inmate, appeals the dismissal of his civil rights lawsuit against prison guard Bernard Sweet. The district court dismissed Singleton's case without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. Dismissals for failure to exhaust administrative remedies under § 1997e(a) are reviewed de novo. <u>Powe v. Ennis</u>, 177 F.3d 393, 394 (5th Cir. 1999).

The district court concluded that the Step 1 and 2 grievances that Singleton produced involved an appeal of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disciplinary procedure and did not relate to the excessive force claim that Singleton raised in his complaint. A "grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). The record shows that the investigating officer responded to Singleton's Step 2 grievance in part by opening an investigation of Singleton's excessive force allegations. Thus, it is unclear whether the grievance forms on which Singleton relies relate only to the appeal of a disciplinary procedure.

Nevertheless, we need not reach the question whether Singleton's grievance was sufficient to provide notice of this claim, as we affirm the dismissal for failure to exhaust on an alternative ground. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). At the time Singleton filed his complaint, he had not completed the Texas Department of Criminal Justice grievance process. Generally, an inmate must exhaust his administrative remedies before filing a § 1983 lawsuit. Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998). Because Singleton did not do so, the district court did not err in dismissing the case. The judgment of the district court is AFFIRMED.