# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2010

Lyle W. Cayce
Clerk

No. 09-41101
Summary Calendar

LEROY SMITH,

> Plaintiff-Appellant

v.

DIRECTOR NATHANIEL QUARTERMAN; WARDEN BAKER; DOCTOR THOMAS; VIRGINIA SCHAFER; JACK THOMPSON,

> Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-185

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Leroy Smith, Texas prisoner # 177456, proceeding *pro se*, appeals the dismissal, without prejudice, of his civil-rights complaint, pursuant to his failure to exhaust administrative remedies. The dismissal of a complaint for such failure is reviewed *de novo*. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Prison Litigation Reform Act (PLRA) states: "No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail [or] prison . . . until such administrative remedies as are available are exhausted". 42 U.S.C. § 1997e(a). Smith does *not* dispute the district court's ruling that he failed to exhaust his claims, which focused on defendants' alleged inattention to his medical needs. Nor does he claim any other error by the district court. Instead, he discusses the facts from his complaint and asks this court to grant him damages for his claimed abuse. (In addition, he contends, *inter alia*, that the PLRA was designed to favor defendants and asserts it should be "outlawed". Needless to say, this point is without merit.)

Although *pro se* briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants must nevertheless brief contentions in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). An appellant's failure to identify any error in the district court's analysis is the same as if he had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Smith's appeal is frivolous and, therefore, is dismissed. *See Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988); 5TH CIR. R. 42.2 (providing for dismissal of frivolous appeals). The dismissal of Smith's appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Smith is warned: if he accumulates three strikes, he will be barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.