# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2013

No. 12-60451
Summary Calendar

Lyle W. Cayce
Clerk

ALEXANDER NODARSE,

Plaintiff-Appellant

v.

ROSE, Correctional Counseler; PATERSON, Unit Manager; SMITH, Grievance
Coordinator; BOBBY PHILLIPS, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CV-143

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alexander Nodarse, a California inmate (# F-89636) housed in a private
prison in Mississippi, appeals the district court's dismissal without prejudice of
his 42 U.S.C. § 1983 suit for failure to exhaust his administrative remedies. *See*
42 U.S.C. § 1997e(a). Nodarse's suit claimed that his constitutional rights were
violated when, during a search of his cell, his headphones and CD player were
broken and his legal documents were taken.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the district court's dismissal de novo, *see Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). We do not consider Nodarse's assertion, raised for the first time on appeal, that the defendants tampered with an unnamed witness. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Nodarse has not shown that he properly exhausted the required three-step grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-84, 89-93, 100 (2006). While Nodarse states on appeal that he completed the second step of the process by sending a 14-101B form to the grievance coordinator regarding his claim against Correctional Counselor Rose, the only 14-101B form contained within the district court record pertained to a complaint about a matter unrelated to the claims that are the subject of the instant lawsuit. Nodarse has not alleged with sufficient specificity that he attempted to comply with the 14-101B requirement in connection with the claims raised in his § 1983 suit.

Moreover, even if Nodarse filed a proper 14-101B form with respect to his claims against Correctional Counselor Rose, the district court properly found that he failed to complete the administrative remedy process. Nodarse's 602 form was not reviewed because the appeals coordinator determined that Nodarse had not completed the second step of the grievance process *and* because the 602 form included claims unrelated to his underlying grievance. *See Woodford,* 548 U.S. at 83. Nodarse's failure to pursue his grievance remedy to conclusion constituted a failure to exhaust his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Finally, Nodarse has not shown that he has exhausted his claims against the remaining defendants for allegedly failing to properly administer the grievance process.

The district court's dismissal of Nodarse's § 1983 suit is AFFIRMED. His motions for the appointment of counsel are DENIED. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). His motion to change venue if his case is remanded to the district court is DENIED as moot.