**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-30810
_____

WILLIAM C. RICHARDSON,

Plaintiff-Appellant,

versus

JAMES SPURLOCK; UNKNOWN HONEYCUTT; UNKNOWN
MCNEILL; UNKNOWN SHAW,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana

August 13, 2001

Before EMILIO M. GARZA and PARKER, Circuit Judges, and HINOJOSA[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

William C. Richardson ("Richardson"), a Louisiana prisoner, appeals the dismissal of his 42 U.S.C. § 1983 claim against Sergeant James Spurlock and other prison officials. He alleges, among other things, that he was occasionally exposed to second-hand smoke in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. We affirm.

---

[*]    District Judge of the Southern District of Texas, sitting by designation.

Richardson is an inmate at the Louisiana State Penitentiary. On "several occasions," he claims that he was exposed to second-hand smoke from other inmates' cigarettes during bus rides to and from work assignments. As a result, he says he had to "gasp for breath," and suffered from nausea. The smoke also allegedly aggravated his "existing medical conditions such as high blood pressure, blood clotting, edema, arthritis, tumors etcetera," and increased his risk for "fatal cancers." Richardson claims that prison officials deliberately allowed this to occur, despite his complaints.

He filed an *in forma pauperis* § 1983 suit against several prison officials, seeking injunctive relief as well as over $50 million in damages.[1] He states that the exposure to second-hand smoke violated his constitutional right to be free from cruel and unusual punishment. Richardson also claims that his Eighth Amendment right was violated when he was forced to wash plastic trays by himself on four different occasions in violation of his medical duty status. He finally alleges that Sergeant Spurlock retaliated by filing a false disciplinary report, and assigning him unfavorable work assignments such as cutting onions and squeezing oranges. Noting that the smoke caused only "discomfort," a federal magistrate judge dismissed as frivolous Richardson's *in forma pauperis* claim of an Eighth Amendment violation. The judge further found little evidence that washing trays violated his medical duty status. The judge then dismissed Richardson's remaining claims because some of them were still administratively pending, while another had been barred by his failure to exhaust available administrative remedies.

Richardson filed written objections to the magistrate judge's report and recommendation.

---

[1] Section 1983 reads in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." 42 U.S.C. § 1983.

The district court overruled his objections, and adopted the magistrate judge's findings. *See* 28 U.S.C. § 1915(e)(2) (allowing a court to dismiss an *in forma pauperis* complaint as frivolous if it lacks an arguable basis in law or fact). A complaint lacks an arguable basis in law if it is based on a meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). We review the dismissal of an *in forma pauperis* complaint for abuse of discretion. *See id.*

We hold that the district court did not abuse its discretion in dismissing Richardson's complaint. The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, a prisoner must prove objectively that he is "being exposed to *unreasonably high levels* of ETS [Environmental Tobacco Smoke]." *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993) (emphasis added). In assessing this first factor, the court must conduct an inquiry into the seriousness of the potential harm and into the likelihood that second-hand smoke will actually cause such harm. *See id.* 509 U.S. at 37, 113 S.Ct. 2482. The court also has to determine "whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.* (emphasis in original). Second, the prisoner must show that prison authorities demonstrated a "deliberate indifference" to his plight. *See id.*

Richardson's claim fails to meet the first prong of the *Helling* test. While Richardson's sporadic and fleeting exposure to second-hand smoke might have been unwelcome and unpleasant, it did not constitute "unreasonably high levels of ETS." *Id.* 509 U.S. at 35, 113 S.Ct. at 2482. The record fails to establish by competent evidence that his intermittent exposure to smoke during bus rides was an unreasonable risk to his health. And to the extent that the smoke caused Richardson discomfort (e.g., coughing and nausea), it did not reach the level of a constitutional violation. *See*

*Oliver v. Deen*, 77 F.3d 156, 158 (7th Cir. 1996) (denying an Eighth Amendment claim by an asthma sufferer who said the smoke caused him to wheeze, gasp for breath, and suffer from dizziness and nausea).

Richardson's case can be factually distinguished from *Helling*. The prisoner there shared a cell with another inmate who smoked five packs of cigarettes a day. *See id.* 509 U.S. at 28, 113 S.Ct. 2478. Similarly, in the two Fifth Circuit cases that have recognized a potential ETS-based Eighth Amendment claim, the exposure to second-hand smoke was substantially more severe and sustained than that alleged by Richardson. *See Whitley v. Hunt*, 158 F.3d 882, 888 (5th Cir. 1998) (the prisoner shared living quarters with a smoker); *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997) (the inmate was "required to live and work in 'environments filled with tobacco smoke'"). In contrast, Richardson does not share living quarters with a smoker, nor does he work in a smoke-filled environment. He only alleges that he had to sit near some smokers during a bus ride on "several occasions."[2] We do not believe that society considers this treatment to "violate[] contemporary standards of decency." *Helling,* 509 U.S. at 37, 113 S.Ct. at 2482.

Indeed, other courts have rejected ETS-based Eighth Amendment claims even where the exposure was more pervasive and pronounced than that claimed by Richardson. For example, the Seventh Circuit has held that an inmate who shared a cell with a smoker for 133 days failed to show that he had a serious medical need or that he had been denied "the minimal civilized measure of life's necessities." *Oliver*, 77 F.3d at 159 (internal citations omitted). *See also Guilmet v. Knight*, 792 F.Supp. 93 (E.D. Wash. 1992) (holding that being housed with a smoker for 15 days did not "pose[]

---

[2]     The record reflects that prison authorities have now ordered that smoking inmates be segregated from the non-smokers during bus rides.

an unreasonable risk to his health, much less that he was denied 'the minimal civilized measure of life's necessities'").

We further uphold the district court's dismissal of Richardson's other claims. First, Richardson alleges that prison officials acted with deliberate indifference in assigning him the job of washing plastic trays, which required him to stand up and inflamed his swollen wrists. He argues that the assignment violated his medical duty status requiring him to sit down when working. We have said that if prison officials knowingly forced a prisoner to engage in work "which they knew would significantly aggravate his serious physical ailment[,] such a decision would constitute deliberate indifference to serious medical needs" in violation of the Eighth Amendment. *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). The magistrate judge found little evidence that washing plastic trays significantly aggravated his physical infirmity. Richardson admits that he did not wash trays longer than 15 minutes. The judge also found that inmates had aided him in the task on at least one occasion, and that Richardson never sought any medical attention as a result of being forced to wash trays for quarter of an hour at a time on four different occasions.

Second, the district court properly dismissed for failure to exhaust administrative remedies Richardson's claim that prison authorities filed a retaliatory, false disciplinary report. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under § 1983 of this title . . . until such administrative remedies as are available are exhausted."). We review de novo the dismissal of an inmate's § 1983 suit for failure to exhaust administrative remedies. *See Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). The record indicates that Richardson failed to exhaust all available administrative remedies. Richardson had to file a disciplinary appeal because this involved an allegedly false disciplinary report. The prison regulations explicitly state that a prisoner "must"

file a disciplinary appeal in this situation.  Richardson incorrectly filed an administrative appeal instead of a disciplinary appeal.  Thus, his failure to exhaust all available administrative remedies precludes this claim.

Third, Richardson's other retaliatory claims fail because he admits that the administrative process for them was still pending when he filed this § 1983 suit.  *See* 42 U.S.C. § 1997e(a) (requiring the exhaustion of administrative remedies).  Likewise, the district court did not err in denying his motion to expand the record to include documents relating to these unexhausted claims.

AFFIRMED.