**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-60674**
_____

**GEORGE T. CALLICUTT,**

**Plaintiff-Appellant,**

**versus**

**JAMES ANDERSON; FRED CHILDS; I.A. GILMORE; TONY COMPTON; TERRY HOLLOWAY; NATHANIEL CANNON; JAMES HOLMAN; NORS KENNEDY, Captain; CALVIN PHIPPS, Captain; EARNEST LEE; LETHA NATHAN, Captain,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(3:00-CV-46-LN)**
_____

September 11, 2002

Before REAVLEY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court erred in dismissing this _in forma pauperis_ 42 U.S.C. § 1983 action by George Callicutt, Mississippi prisoner # 84125, following a bench trial and based on its conclusion that prison officials had not acted with deliberate indifference. **AFFIRMED.**

I.

Callicutt sued those officials for claimed Eighth Amendment violations because he was exposed to environmental tobacco smoke

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(ETS). After an unsuccessful appeal from the denial of Callicutt's summary judgment motion (dismissed for lack of jurisdiction), *see Callicutt v. Anderson*, No. 01-60038 (5th Cir. 21 August 2001) (unpublished), the parties consented to proceed before a magistrate judge.

Following a bench trial, the complaint was dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Callicutt v. Anderson*, No. 3:00-CV-46-LN (S.D. Miss. 11 July 2001) (unpublished) (Final Judgment). The court found: all witnesses testified truthfully; although prison policy prohibited smoking in Callicutt's unit, the single guard assigned there during a shift could not always prevent prisoners from violating the rule; Callicutt "ha[d] been exposed to some level of second hand smoke", but Defendants' expert testified Callicutt's medical conditions had not demonstrated he had been harmed by such exposure; when a prisoner was caught smoking, he was issued a Rules Violation Report. *Callicutt v. Anderson*, No. 3:00-CV-46-LN, slip op. at 2-3 (S.D. Miss. 11 July 2001) (unpublished). Accordingly, the court held: prison officials did not act with deliberate indifference, because they implemented a policy designed to eliminate ETS that was enforced to the best of the guards' ability given the staffing levels. *Id*. at 3.

## II.

We review a § 1915(e)(2) dismissal for abuse of discretion. *See Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). (In this regard, and because the dismissal follows a bench trial,

2

factual findings are reviewed for clear error; issues of law, *de novo*.  *See* FED. R. CIV. P. 52(a); *Seal v. Knorpp*, 957 F.2d 1230, 1234 (5th Cir. 1992).)  Further, Callicutt certified that no trial transcript was necessary and does not contest the factual findings.  Therefore, *only* the conclusions of law are at issue.

A two-prong test is used to determine whether ETS exposure violates a prisoner's Eighth Amendment rights.  He must:  (1) prove he is "being exposed to unreasonably high levels of ETS"; and (2) show prison officials demonstrated "deliberate indifference" to his plight.  *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993).

First, sporadic and fleeting ETS exposure, even though it results in discomfort such as coughing and nausea, does not constitute "unreasonably high levels of ETS".  *See* *Richardson*, 260 F.3d at 498.

Second, deliberate indifference requires a finding of "obduracy and wantonness, not inadvertence or error in good faith".  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

> [A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In evaluating deliberate indifference to ETS, the following factors should be considered:  the adoption of a smoking policy; the administration of that policy; and "the *realities* of prison administration".  *See* *Helling*, 509 U.S. at 36-37 (emphasis added).

3

The magistrate judge did not abuse his discretion. Prison policy prohibits smoking in Callicutt's unit; and the court found both that guards did not ignore smoking prisoners and that they "enforced [the policy] to the best of their ability". *Callicutt v. Anderson*, No. 3:00-CV-46-LN, slip op. at 3 (S.D. Miss. 11 July 2001) (unpublished). In the light of this finding following a bench trial in which the magistrate judge could best evaluate the credibility of the witnesses, and especially because Callicutt has not challenged those findings, it could not be an abuse of discretion for the magistrate judge to conclude Callicutt failed to prove deliberate indifference and, therefore, to dismiss his complaint.

## III.

For the foregoing reasons, the dismissal is

*AFFIRMED.*

4