IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60773
Summary Calendar
_____


GABRIEL SCAFF MARTINEZ,

Plaintiff-Appellant,

versus

KHURSHID Z. YUSUFF, MICHAEL L. STEPHENS,
WILLIAM BUCHANAN; UNKNOWN WISE;
UNKNOWN COGER; J.H. KEELS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-238-BrS
--------------------
January 17, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gabriel Scaff Martinez, federal prisoner # 41821-004, appeals the district court's dismissal of his action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Martinez alleged 1) that he was exposed to harmful levels of second-hand tobacco smoke and excessive noise at FCI-Yazoo City and 2) that the defendants retaliated against him for filing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grievances about the smoke and noise. He alleged that the defendants deprived him of medical care, confiscated his personal property, interfered with his access to the courts, changed his job and bedding assignments, and placed him in administrative segregation. The district court dismissed most of Martinez's claims without prejudice for failure to exhaust administrative remedies.

Martinez argues first that, contrary to the district court's holding, his placement in administrative segregation constituted a deprivation of a cognizable liberty interest because he was the subject of retaliation. Martinez was placed in administrative segregation in February 1999 and August 2000. With respect to the February 1999 incident, we conclude from the record that even if Martinez stated a cognizable liberty interest, he has failed to show that his placement in administrative segregation was motivated by retaliation. See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). With respect to the August 2000 incident, and again assuming that Martinez stated a cognizable liberty interest, we conclude that Martinez did not exhaust his administrative remedies on his claim that this placement in administrative segregation was done in retaliation. See 42 U.S.C. § 1997e(a).

In opposition to the dismissal of his remaining claims for failure to exhaust, Martinez argues that he was not required to exhaust administrative remedies each time prison officials acted in

retaliation.  He also argues that his claims concerning the denial of medical care and retaliation are not prison conditions and need not be exhausted.  Exhaustion of administrative remedies is mandatory and is intended to give corrections officials an opportunity to address complaints internally before initiation of a federal suit.  See Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Exhaustion applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  Porter, 534 U.S. at 532; see also Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001).  Martinez has not shown that he properly presented his remaining claims to the regional and national levels as part of the administrative appeals process.  Accordingly, the district court is affirmed.

AFFIRMED.