United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30864
Summary Calendar

_____

DERRICK JEROME ALLEN,

Plaintiff-Appellant,

versus

MARY MORGAN; DETENTION CENTER TENSAS PARISH,
Medical Department; DEBRA WOODARD; EUGENE PARKER;
ROBERT GAINES; PHILLIP MATTHEWS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-91)

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Derrick Jerome Allen, Louisiana prisoner # 295151, appeals,

*pro se*, the dismissal of his 42 U.S.C. § 1983 action as frivolous

and award of summary judgment in favor of the appellees.

(Allen's motion for appointment of counsel is **DENIED**.)

We review a summary judgment *de novo*. *E.g.,* ***Melton v.***

***Teachers Ins. & Annuity Ass'n of Am.***, 114 F.3d 557, 559 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Summary judgment is proper if the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).

Allen contends he was denied adequate medical care for a bad sinus attack and that the Tensas Parish Detention Center does not provide medical care on weekends or on weekdays after 11 p.m.  Allen acknowledged that Nurse Morgan examined him on December 9 and 10 December, 1999, and gave him enough cold medication to last through the upcoming weekend.  The fact that he was not examined when he made another sick call request on the following Monday does not establish that Nurse Morgan was deliberately indifferent to his serious medical needs.  *See* **Norton v. Dimazana**, 122 F.3d 286, 292 (5th Cir. 1997).  Allen has not shown that he suffered a specific injury as a result of the alleged denial of medical care or the lack of medical care on weekends or on weekdays after 11 p.m.

Allen maintains Warden Parker and Nurse Morgan retaliated against him for filing a grievance against Nurse Morgan by changing his job and removing his trustee status.  Allen has not produced direct evidence of the claimed retaliatory motivation or "allege[d] a chronology of events from which retaliation may plausibly by inferred".  **Woods v. Smith**, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996).

2

Allen contends he was exposed to second-hand smoke in the infirmary which aggravated his sinus problem and cough. Because Allen's sporadic and fleeting exposure to environmental tobacco smoke (ETS) did not constitute unreasonably high levels of ETS, the district court did not err in granting summary judgment and dismissing this claim as frivolous. *See* **Richardson v. Spurlock**, 260 F.3d 495, 498 (5th Cir. 2001).

Allen alleges that his privacy rights were violated when Nurse Morgan questioned him about his health problems in front of other inmates in the infirmary and as a result he suffered embarrassment. Because Allen has not shown that he suffered a specific physical injury as a result of the alleged denial of medical care or the alleged privacy violation, the district court did not err in granting summary judgment and dismissing this claim as frivolous. *See* **Harper v. Showers**, 174 F.3d 716, 719 (5th Cir. 1999) (Prison Litigation Reform Act requires physical injury before a prisoner can recover for psychological damages).

Allen's appeal is without arguable merit and, therefore, it is **DISMISSED** as frivolous. *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of this action as frivolous and this court's dismissal of this appeal as frivolous both count as "strikes" under 28 U.S.C. § 1915(g). Allen is cautioned that, if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in

any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

**MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED**

4