United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51099
Conference Calendar

_____

LLOYD GEORGE BOWERS,

                                        Plaintiff-Appellant,

versus

BENNY BOYKIN; KENNETH HULLUM; CEDRIC CADDELL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-214
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Lloyd George Bowers, Texas prisoner # 1019169, seeks to
appeal in forma pauperis (IFP) the dismissal of his 42 U.S.C.
§ 1983 complaint for failure to exhaust administrative remedies.
He argues that the letter he wrote to internal affairs regarding
his assault was tantamount to filing Step 1 and Step 2 grievances
for exhaustion purposes.  The merits of Bowers's appeal are
"inextricably intertwined with the certification decision," and,
therefore, we also entertain the issue whether the appeal should

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

be dismissed.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Bowers conceded that he did not file either a Step 1 or Step 2 grievance.  See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998).  If it is assumed arguendo that Bowers could also exhaust his administrative remedies by opening a case with the internal affairs division, the Spears[2] testimony nevertheless confirmed that the investigation was incomplete and that his grievance was thus unresolved at the administrative level.  The magistrate judge therefore did not err in determining that he had failed to exhaust administrative remedies and in dismissing his civil rights complaint.  See 42 U.S.C. § 1997e(a); Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001).

Bowers's allegations of retaliation are raised for the first time on appeal and are therefore not considered.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Bowers has not established that an appeal would not involve nonfrivolous issues.  We therefore deny his motions for IFP status and for appointment of counsel and dismiss the appeal as frivolous in the interest of judicial efficiency.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

Bowers is cautioned that the dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th

---

[2]  Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985).

Cir. 1996).  Bowers is further cautioned that if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; MOTION TO APPOINT COUNSEL DENIED; THREE-STRIKES WARNING ISSUED; APPEAL DISMISSED.