United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 03-11099
Summary Calendar**
_____

**LORENZO THOMAS,**

**Plaintiff-Appellant,**

**versus**

**JEAN L. MCALPINE, Correctional Officer IV, in her individual
capacity; JOSEPH A. FARRAR, Sergeant, in his individual and
official capacity; MARVIN R. CAIN, JR., Sergeant, in his
individual and official capacity,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-86**
_____

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lorenzo Allen Thomas, Texas inmate # 739840, appeals the
dismissal of his civil rights complaint, filed pursuant to
42 U.S.C. § 1983. The district court correctly dismissed Thomas's
retaliation claim relative to the November 28, 2000, incident
because he failed to exhaust his administrative remedies. See

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

42 U.S.C. § 1997e(a); <u>Richardson v. Spurlock</u>, 260 F.3d 495, 499 (5th Cir. 2001). Because Thomas is not entitled to equitable tolling of 42 U.S.C. § 1997e(a)'s exhaustion requirement, he is not entitled to a dismissal of the instant suit without prejudice so that he can exhaust his administrative claims.

Thomas's argument that he was deprived the opportunity to object to a magistrate judge's report and recommendation lacks merit inasmuch as the district court was not required to assign Thomas's case to a magistrate judge. <u>See</u> 28 U.S.C. § 636.

The district court correctly dismissed as frivolous Thomas's claim that he was retaliated against on November 12, 2000, because Thomas fails to show retaliatory motive when prison officials placed him in his cell. <u>See</u> <u>McDonald v. Steward</u>, 132 F.3d 225, 231 (5th Cir. 1998). The district court also correctly dismissed Thomas's claim that he was retaliated against on November 28, 2000, because he fails to show a retaliatory adverse act stemming from that incident. <u>See</u> <u>id</u>.

This court need not reach whether Thomas's damages claim for emotional injury is barred under 42 U.S.C. § 1997e(e) because Thomas has failed to state a claim for retaliation. <u>See</u> <u>Oliver v. Scott</u>, 276 F.3d 736, 746 n.20 (5th Cir. 2000).

Thomas's claims relative to the disciplinary meeting in his cell following the November 12, 2000, incident are deemed abandoned because he makes no argument on appeal relative to those

claims.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

Thomas's argument about the extension of time in which he had to file a brief are meritless inasmuch as the Clerk's office accepted his brief for filing.

This court affirmed the dismissal of a prior <u>in</u> <u>forma</u> <u>pauperis</u> (IFP) civil rights suit filed by Thomas as frivolous. Thomas is advised that the district court's dismissal of the instant complaint for failure to state a claim and this court's affirmance of that dismissal constitute a second strike for purposes of 28 U.S.C. § 1915(g).  <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).  Thomas is hereby WARNED that if he accumulates three strikes he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

**AFFIRMED; WARNED.**