United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10715
Summary Calendar
_____

ZACHARY L KNIGHTEN,

                                        Plaintiff-Appellant,

versus

RICHARD VOGELGESANG, Senior Warden; MICHAEL SAVERS,
Assistant Warden; FRED C EARLY, Major; ELBERT HAMPTON,
Disciplinary Captain; WILLIAM R CULLUM, Lieutenant;
SUSAN L HALE, Correctional Officer IV; AMY L LOWERY,
Sub-Counsel; NELLIE VANDRIVER, Administrator Assistant I;
GEORGINA CLOWER, Investigator II; DAVID R BASSEE, Physician -
Unit Health Authority; PATRICE MAXEY, RN )) Unit Health
Administrator,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CV-120
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Zachary L. Knighten, Texas state prisoner # 627114, appeals
the district court's dismissal as frivolous of his 42 U.S.C. § 1983
complaint for failure to exhaust his administrative remedies.
Knighten admits that he had not exhausted his administrative
remedies at the time that he filed his complaint.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews *de novo* a district court's dismissal of a § 1983 suit for failure to exhaust administrative remedies pursuant to § 1997e. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001). An inmate shall not bring a 42 U.S.C. § 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner is required to exhaust his remedies prior to filing his complaint. *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998).

Knighten admits that his remedies were not exhausted at the time that he filed suit. His allegations reflect that his grievances were being processed in accordance with the administrative regulations and that he did not afford the grievance office the opportunity to complete the grievance process. Because Knighten filed suit prior to the expiration of time for prison officers to respond to his grievances, his complaint was properly dismissed for failure to exhaust his remedies. *See Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

Because Knighten has not shown that he will present a nonfrivolous issue on appeal, his appeal is DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2; *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

The dismissal of this appeal as frivolous counts as a "strike" under the Prison Litigation Reform Act. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Knighten is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will

not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.