

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Rivera v. Marcoantonio

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2030

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rivera v. Marcoantonio" (2005). *2005 Decisions.* Paper 273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/273

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2030
_____

PETER JOE RIVERA,
Appellant

v.

RALPH E. MARCOANTONIO, JR.; I. WILLIAMS #367;
RONALD GONZALEZ #367
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-03689)
District Judge: Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
August 29, 2005

Before:   ROTH, McKEE and ALDISERT, <u>CIRCUIT JUDGES</u>.

(Filed:  November 3, 2005 )

_____

OPINION

_____

PER CURIAM

    Peter Joe Rivera appeals from the District Court's order dismissing his complaint.

For the reasons set forth below, we will affirm in part, vacate in part, and remand for

further proceedings.

In October 2001, Rivera was civilly committed to the Special Treatment Unit ("STU") in Kearny, New Jersey pursuant to the New Jersey Sexually Violent Predator Act. When Rivera entered the STU, he was told that it was a smoke free facility. In August 2003, he filed a complaint claiming that Darryl Williams, Senior Corrections Officer, and Ralph Marcoantonio, Assistant Superintendent, violated his civil rights by permitting other inmates and employees to expose him to "environmental tobacco smoke" ("ETS"). Rivera also alleges that he faced retaliation for his complaints about the ETS.

As part of his treatment at the STU, Rivera participated in group therapy, which was directed by Ronald Gonzalez, a psychologist at the facility. Rivera alleges that Gonzalez violated his right to freedom of speech, his right against self incrimination, and his due process rights by insisting, during group treatment sessions, that Rivera provide details regarding prior sexual acts and by inaccurately characterizing Rivera's improvement and rehabilitation when reporting to the courts. Rivera also claims that Gonzalez violated his due process rights by opening and rejecting mail that contained what Gonzalez considered sexually explicit material.

Williams and Gonzalez each filed a motion to dismiss, which the District Court granted. The court also dismissed the complaint as to Marcoantonio for failure to serve. Rivera filed a timely appeal.

We exercise plenary review over an order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We will affirm a dismissal for failure to state a claim if we can "'say with assurance that under the

2

allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). We accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004). Dismissal of a complaint without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. Id. at 235-36.

Rivera claims that exposure to ETS in the STU violated his constitutional rights. Applying the standard set forth in Helling v. McKinney, 509 U.S. 25, 35-36 (1993),[1] the District Court determined that Rivera had not been exposed to unreasonably high levels of ETS. We agree with the District Court's conclusion that Rivera failed to state a claim. Rivera complained of improper ventilation and imperfect enforcement of a no-smoking policy. He admitted, however, that he can escape ETS exposure by going to his room. He did not describe an unreasonable exposure to ETS. Compare, e.g., Helling, 509 U.S. at 35 (holding that bunking with a cellmate who smoked five packs of cigarettes per day exposed an inmate to an unreasonable risk of future harm from ETS exposure), and Atkinson v. Taylor, 316 F.3d 257, 259 (3d Cir. 2003) (holding that a prisoner who

---

[1]Because Rivera was civilly committed under the New Jersey Sexually Violent Predator Act, he made his claim under the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982). However, Eighth Amendment standards are applicable to his claim. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

claimed that he had shared a cell with constant smokers for many months stated a claim for a violation of a clearly established right) with Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (holding that sitting near some smokers sometimes is not an unreasonable exposure to ETS) and Pryor-El v. Kelly, 892 F. Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS claim in which the plaintiff alleged "only that various unnamed inmates and prison officials smoke 'in the TV room, games room, and the letter writing room'").

To the extent that Rivera made a claim of present injury because of exposure to ETS, the appropriate standard against which to test his claims is Estelle v. Gamble, 429 U.S. 97 (1976). See Atkinson, at 316 F.3d at 266. He contended that exposure to cigarette smoke has caused him to suffer respiratory distress and has aggravated his diagnosed illness of tuberculosis. Even if Rivera has a serious medical need to be distant from ETS, see, e.g., Atkinson, 316 F.3d at 268, his admission that he can avoid the smoke and the occasional violations of the no-smoking policy undermines his claim of deliberate indifference. His allegations, taken as a whole, do not describe conduct that rises to the level of wanton infliction of pain. Furthermore, in light of the totality of his allegations, the District Court did not abuse its discretion in denying leave to amend.

Although Rivera did not state a claim based on ETS exposure, on the record before us, it appears that he stated a claim of retaliation. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Contrary to Defendants' assertions, Rivera has a constitutionally protected right to seek redress for a perceived violation of his due process rights. See Helling, 509 U.S. at 35-36. The facts alleged relating to Williams' actions, including

4

verbal abuse, encouraging other residents to take action against the "snitch," and refusal to unlock Rivera's door, if proven, would rise to the level of "adverse action." The District Court thus erred in concluding that Rivera failed to state a retaliation claim.

The District Court failed to address Rivera's claim that Gonzalez violated his constitutional rights by opening and rejecting his mail. We express no opinion as to the contours or merits of this claim. Rivera also claimed that Gonzalez violated his rights by requiring him to discuss past sexual acts, including those related to an offense for which he had not been convicted. As we are remanding this matter and anticipate that there will be further development of the record, we will not address the District Court's analysis of this claim. We note only that, unlike the plaintiffs in McKune v. Lile, 536 U.S. 24 (2002) and Allison v. Snyder, 332 F.3d 1076 (7th Cir. 2003), whose participation in prison programs was voluntary, Rivera apparently was required to participate in treatment, a distinction that may have a bearing on the question of coercion.

Finally, the District Court erred in dismissing the complaint as to Marcoantonio for failure to serve. An affidavit filed by Defendants' counsel in the District Court (D.C. Doc. # 8) indicates that Marcoantonio was served on August 30, 2003.

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings.