# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2011

No. 10-50301
Summary Calendar

Lyle W. Cayce
Clerk

LARRY W BROWN,

Plaintiff-Appellant

v.

CIVIGENICS, a Public Corporation; CORPORAL MORENO; CORRECTIONAL OFFICER BARRERA; CORPORAL HENRY,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:09-CV-23

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Larry W. Brown, federal prisoner # 79315-180, appeals pro se from the district court's grant of summary judgment to the appellees and dismissal of his complaint for failure to state a claim and failure to exhaust. He argues that the district court erred in granting the summary judgment motion after concluding that he had failed to state a claim under *Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), that he had not exhausted his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies, and that he had not provided sufficient facts to support his Texas common law negligence claims. He further asserts that the district court erred in dismissing his complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

We review the district court's grant of summary judgment de novo. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Dismissal is appropriate where a prisoner files a civil rights complaint without first exhausting his administrative remedies. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). A prisoner cannot satisfy the exhaustion requirement by filing an untimely grievance or appeal. *Id.* at 83-84.

The record reveals that Brown did not initiate the grievance procedure until February 10, 2008, although the alleged incident of which he complains happened in late July or early August of 2007. According to the detention facility's Inmate Handbook, inmates have five days after an incident to make an informal complaint to staff, five days after that to file a formal, written complaint, and five days in which to appeal the results. Because Brown filed his grievance seven months late, he did not properly exhaust his administrative remedies. *Id.*

Brown's assertions that he did not have the mental capacity to file a timely grievance and feared retaliation for filing a grievance are without merit. The Fifth Circuit has generally taken a strict approach to the exhaustion requirement. *See, e.g., Ferrington v. La. Dep't of Corr.*, 315 F.3d 529, 532 (5th Cir. 2002) (concluding that plaintiff's blindness did not prevent him from filing a timely grievance given that he filed a civil rights complaint, appealed the results of a disciplinary hearing, and filed unrelated grievances). *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of prisoner's 42 U.S.C. § 1983 claim for failure to exhaust where prisoner incorrectly filed an administrative appeal instead of a disciplinary appeal). Moreover, Brown was

timely informed that his grievance was too late, and nothing in the record indicates that the defendants intended to waive the affirmative defense of failure to exhaust.

In addition, Brown's assertion that the district court should have granted additional time for discovery before deciding the exhaustion issue is without merit. Brown did not request a Federal Rules of Civil Procedure 56(f) continuance for further discovery in the district court and did not provide the district court with specific facts demonstrating how additional time for discovery would have allowed him to present a genuine issue of material fact regarding the issue of exhaustion. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Because Brown has not demonstrated that he exhausted his administrative remedies, we need not consider his remaining claims. Accordingly, the judgment of the district court is AFFIRMED.