**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2915
_____

JEREMIAH MOORE,
            Appellant

v.

MS. DURAND; K. OWENS; K. SORBER; D. VARNER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-02695)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: August 1, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jeremiah Moore, who was incarcerated at SCI Phoenix during the relevant time-period[1] and is proceeding pro se, appeals from the District Court's orders dismissing Moore's complaint and amended complaint. We will vacate the judgment of the District Court in part, affirm in part, and remand for further proceedings.

Moore, who is asthmatic, filed an in forma pauperis complaint in June of 2021 requesting damages for numerous alleged constitutional violations in relation to Defendants' failures to reassign Moore to a cell with a non-smoking cellmate. At the initial screening, the District Court dismissed most of Moore's claims either with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) or for lack of subject matter jurisdiction. However, the District Court granted Moore leave to file an amended complaint with respect to Moore's claim against Defendant Durand based on exposure to environmental tobacco smoke (ETS) and any claim based upon deliberate indifference to Moore's serious medical needs. Moore filed an amended complaint in July of 2022. In relation to Moore's federal civil rights claims, the District Court dismissed the amended complaint with prejudice for failure to state a claim and noted that further amendment would be futile. To the extent Moore's amended complaint reasserted any state law negligence claims, the District Court dismissed them without prejudice to

---

[1] Moore was housed as a pre-trial detainee and has since been released.

2

Moore's ability to bring those claims in an appropriate state forum. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Allah, 229 F.3d at 223. To avoid dismissal, a complaint, accepted as true, must "state a claim that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

There are two varieties of ETS Claims.[2] The first is prospective. To allege that exposure to ETS unreasonably endangers his future health, an inmate must show (1)

---

[2] ETS exposure claims are typically brought under the Eighth Amendment. Because Moore was a pre-trial detainee, his claims for inadequate medical care are brought under the Fourteenth Amendment's substantive due process clause rather than the Eighth Amendment. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). "[T]he Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner." Id. So, Moore's claims are evaluated under the same standard used to evaluate similar claims under the Eighth Amendment.

exposure to "unreasonably high" levels of ETS contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the exposure. See Helling v. McKinney, 509 U.S. 25, 35-36 (1993); Atkinson v. Taylor, 316 F.3d 257, 262-63, 66 (3d Cir. 2003). The second concerns a current or pre-existing jury. To allege that ETS exposure has aggravated a pre-existing illness, a plaintiff must show (1) a sufficiently serious medical need related to the ETS exposure, Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)), and (2) deliberate indifference by prison authorities. Id. at 266.

Regarding any claim of future harm raised by Moore, we agree with the District Court that Moore's pleadings fail to satisfy the first Helling prong. "[P]lainly relevant" is the fact that Moore is no longer in custody. Helling, 509 U.S. at 35-36; e.g., Oliver v. Deen., 77 F.3d 156, 159-60 (7th Cir. 1996) (noting that the plaintiff could not make a future injury ETF claim when was no longer in the defendants' custody). And other than to vaguely state that the events giving rise to his allegations occurred on twelve different dates over the course of three months, Moore has neglected to allege any specific facts sufficient to plausibly demonstrate that his levels of ETS exposure were unreasonably high. Compare Helling, 509 U.S. at 35 (holding that inmate, who bunked with cellmate who smoked five packs a day, was exposed to unreasonably high levels of ETS), and Atkinson, 316 F.3d at 264-65 (holding that inmate, who shared cell with two constant

4

smokers for seven months, was exposed to unreasonably high levels of ETS), with Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (finding that sitting near smokers sometimes is not unreasonable exposure). Moore's unspecific allegations were insufficient to allege a plausible prospective injury ETS exposure claim. DCT No. 13 at 5. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

However, Moore's original complaint alleged that the ETS exposure aggravated his chronic asthma, which caused him to suffer difficulty breathing, woke him up at night, required medical officials to examine whether an additional inhaler was necessary, and interfered with his medication for an unrelated mental health concern. DCT No. 2. Moore also claimed that the prison medical department advised him to request a cell change from his unit manager. DCT No. 2 at 13-14. Moore's original complaint averred that he sent a number of requests to Defendant Durand to switch his cell assignment because he had asthma and was having adverse reactions to ETS from his cellmate smoker. DCT No. 2. Assuming, as we must, that these factual allegations are true, we conclude that the District Court erred in dismissing Moore's present-injury ETS exposure claim against Defendant Durand.

A present injury ETS exposure claim can be based on a prison official's housing an inmate, who has a medical need for a smoke-free environment, in a cell with a

prisoner who smokes.  See Atkinson, 316 F.3d at 268 ("[T]he Eighth Amendment's objective component is violated by forcing a prisoner with a serious medical need for a smoke free environment to share his cell with an inmate who smokes." (quoting Hunt v. Reynolds, 974 F.2d 734, 735-36 (6th Cir. 1992)); see also Atkinson, 316 F.3d at 268 at 268 ("When a susceptible prisoner is confined to a cell, a small and confined space, with a "constant" smoker for an extended period of time, such symptoms may transform what would otherwise be a passing annoyance into a serious ongoing medical need."); Alvarado v. Litscher, 267 F.3d 648, 653 (7th Cir. 2001) (finding a potential Eighth Amendment claim where inmate alleges ETS exposure exacerbated his chronic asthma). Thus, the factual allegations contained in Moore's original complaint are sufficient to plausibly assert such a claim.  And the District Court appears to have erred in concluding that Moore's original complaint failed to sufficiently allege Defendant Durand's deliberate indifference.  See Atkinson, 267 F.3d at 268 ("Atkinson has produced evidence that after telling prison officials about his sensitivity to ETS no change was made in housing conditions.  This evidence demonstrates deliberate indifference on the part of prison officials.").  The District Court did not err, however, in its dismissal for lack of personal knowledge of Moore's present-injury ETS exposure allegations against Defendant's Owens, Serber, and Varner.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207-1208 (3d Cir. 1988).

Accordingly, we will vacate the District Court's order to the extent that it dismissed Moore's present-injury ETS exposure claim against Defendant Durand and remand for further proceedings. We will otherwise affirm.[3]

---

[3] Moore's appellate brief does not specifically challenge or otherwise address the legal bases asserted by the District Court in dismissing any of his other claims, including the District Court's findings regarding subject matter jurisdiction. We therefore deem forfeited any challenge to those rulings. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (deeming forfeited arguments that were not developed in the appellants' opening brief). Even had Moore preserved such challenges, we agree with the District Court's decision to dismiss those claims.